**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Case No.: 19-13215** |
| **John Fitting** | : | **Chapter 13** |
| **Andrea C. Fitting** | : | **Judge Jean K. FitzSimon** |
| | : | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* |
| **Debtor(s)** | | |
| | : | |
| **Wells Fargo Bank, NA** | : | **Date and Time of Hearing** |
| Movant, | : | **Place of Hearing** |
| vs | : | **June 26, 2019 at 9:30 a.m.** |
| | : | _____ |
| **John Fitting** | : | |
| **Andrea C. Fitting** | : | **U.S. Bankruptcy Court** |
| | : | **900 Market Street, Courtroom #3** |
| **Scott F. Waterman** | : | **Philadelphia, PA, 19107** |
| **Respondents.** | | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MOTION FOR SANCTIONS IN THE FORM OF IN REM RELIEF TO PERMIT WELLS FARGO BANK, NA TO FORECLOSE ON 19 E ELBON ROAD, PARKSIDE, PA 19015**

Wells Fargo Bank, NA (the "Creditor") moves this Court, under Bankruptcy Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and 6007 for an order conditioning, modifying, or dissolving the automatic stay imposed by Bankruptcy Code § 362 and imposing sanctions in the form of *in rem* relief pursuant to § 362 (d)(4). In support of this Motion, Creditor avers as follows:

1. This is an action arising pursuant to a case under Title 11 of the United States Code.

2. Creditor is a lending institution duly authorized to conduct business in the Commonwealth of Pennsylvania.

3. Creditor is a party-in-interest in the above referenced Bankruptcy matter as it is a secured creditor of the Debtor.

19-017728_KKC

4. John Fitting and Andrea C. Fitting (collectively, "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 16, 2019, ("Petition").

5. Debtor is currently obligated to Wells Fargo Bank, NA, under the terms of a certain Note, dated June 27, 2008, in the original principal amount of $132,457.00 executed by John Fitting and Andrea Fitting (hereinafter "Note").

6. As security for repayment of the Note, Debtor executed a certain Mortgage, dated of even date and of even amount, currently in favor of Wells Fargo Bank, NA, with respect to certain real property owned by the Debtor located at 19 E Elbon Road, Parkside, PA 19015 (hereinafter "Mortgaged Premises") and being recorded in Delaware County Recordings Office at Instrument Number 2008049862 on July 3, 2008 in the Office of the Recorder of Deeds in and for Delaware County, Pennsylvania ("Mortgage").

7. Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

8. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

9. Debtor has failed to make pre-petition mortgage payments for the past 57 months, as of May 22, 2019.

10. Due to said failure by Debtor to make payments when due, Creditor lacks adequate protection of its security interest in the Mortgaged Premises.

11. As of May 22, 2019, the total loan balance due to Wells Fargo Bank, NA is $199,347.94.

12. As of May 22, 2019, the Debtor is pre-petition delinquent in the amount of $69,827.69.

13. Creditor is entitle to sanctions in the form of in rem relief under 11 U.S.C. §362(d)(4) so that the Property cannot be subject to the automatic stay in a subsequent bankruptcy filing for a period of two years pursuant to 11 U.S.C. § 362(d)(4).

14. Debtor has engaged in a scheme to delay, hinder and defraud creditors that involves multiple bankruptcy filings affecting the Property. These serial filings have caused the cancellation of **three** foreclosure sales. The sequence of events is as follows:

   a. The **first** bankruptcy, case no. 14-14803, was filed on June 13, 2014, just a week before the Sheriff's sale scheduled for June 20, 2014. The case was dismissed September 2, 2015 for failure to make plan payments. A copy of the bankruptcy docket is attached as Exhibit A.

   b. The **second** bankruptcy, case no. 16-11840, was filed on March 17, 2016, on the eve of Sheriff's sale scheduled for March 18, 2016. The case was dismissed on April 19, 2017 for failure to make plan payments. A copy of the bankruptcy docket is attached as Exhibit B.

   c. The **third** bankruptcy, case no. 17-16134, was filed on September 8, 2017, just one week before the sheriff's sale scheduled to take place on September 15, 2017. The Debtor filed a motion to extend the stay, since the prior case was dismissed within one year of this filing. The case was dismissed on November 28, 2018 for failure to make plan payments. A copy of the bankruptcy docket is attached as Exhibit C.

   The current case is the Debtor's fourth filing. This case was filed May 16, 2019, on the eve of Sheriff's sale scheduled for May 17, 2019. The sale was again stayed by the filing.

15. The Debtor's Current Chapter 13 filing is the fifth in a series of abusive filings involving the mortgaged property and has not been proposed in good faith. The Debtor has not

19-017728_KKC

shown any changed circumstances that might lead the Court to believe this case will be any more successful than the prior failed cases.

16. Under 11 U.S.C. § 1325(a)(3), a bankruptcy petitioner must propose a Chapter 13 plan in good faith and not by any means forbidden by law. In determining whether good faith exists, the court must conduct a facts intensive review based upon the totality of the circumstances. *In re Legree*, 2002 Bankr. LEXIS 1560, *1, 285 B.R. 615 (Bankr. E.D. Pa. 2002). Factors to consider include, but are not limited to: (1) the nature of the debt; (2) the timing of the petition; (3) how the debt arose; (4) the debtor's motive in filing the petition; (5) the effect on creditors; (6) the debtor's treatment of creditors pre-petition and post-petition; and (7) whether the debtor has been forthcoming with the bankruptcy court. Serial filings should also be weighed in considering the totality of the circumstances. A history of serial filings and dismissals can be evidence of bad faith. A debtor's pre-petition conduct and the frequency with which the debtor has sought previous bankruptcy relief are elements in the debtor's total circumstances. *In re Legree*, 2002 Bankr. LEXIS 1560, *1, 285 B.R. 615 (Bankr. E.D. Pa. 2002).

17. The Debtor's current Chapter 13 filing has not been made in good faith and thus violates 11 U.S.C. § 1325(3). Debtor has never completed any of the Chapter 13 plans. Each of the prior cases was dismissed for failure to make plan payments. In the Debtor's last case, the Debtor filed a motion to extend the automatic stay asserting that the payments would not be an issue because debtor initiated Trustee payments via Trustee's TFS system. However, the Debtor was not only delinquent to the trustee in the prior case, the Debtor also failed to make the post petition mortgage payments due to Creditor, which resulted in a motion for relief. The motion was settled with a stipulation to cure the default.

19-017728_KKC

However, the Debtor did not cure the post petition default due dismissal of case shortly after entry of the stipulation.  In the current case, while Debtor's income is several hundred dollars higher than in the prior case, the expenses listed on Schedule J have been significantly reduced to give the appearance of increased disposable income. The prior case was dismissed within one year of the current filing. No notion to extend has been filed as of this date. Based on the number of prior filings and or dismissals, and no significant change in circumstances, it is clear that the current case was filed for the sole purpose of delaying the sheriff's sale.

**I.    Law and Argument**

The Court should sanction Debtor and protect Creditor by issuing an order granting *in rem* relief. The totality of the circumstances shows that Debtor has abused the bankruptcy system to delay, hinder and defraud Creditor's right to collateral.

**A.    The court should grant *in rem* relief because the failure to prosecute four bankruptcy cases, together with the timing of the petitions, including the present petition, evidence Debtor's scheme to delay, hinder and defraud creditors under 11 U.S.C. §362(d)(4).**

Creditor is entitled to sanctions in the form of *in rem* relief under 11 U.S.C. §362(d)(4) so that the Property cannot be subject to the automatic stay in a subsequent bankruptcy for a period of two years pursuant to 11 U.S.C. §362(d)(4) for the reasons that follow.

One of the primary purposes of the bankruptcy code is to provide the "honest but unfortunate debtor" with the opportunity to make a "fresh start". 308 B.R. 843, 848-849 (E.D. Tenn 2004). However, all bankruptcy petitions must be filed in good faith and must be fundamentally fair in a manner that complies with the spirit of the Bankruptcy Codes

19-017728_KKC

provisions. *Id*. In making a determination as to whether a bankruptcy filing is made in good faith, the Court uses a totality of the circumstances test. *In re Legree*, 285 B.R. 615 (Banrk. E.D. Pa. 2002). Factors to consider include, but are not limited to: (1) the nature of the debt; (2) the timing of the petition; (3) how the debt arose; (4) the debtor's motive in filing the petition; (5) the effect on creditors; (6) the debtor's treatment of creditors pre-petition and post-petition; and (7) whether the debtor has been forthcoming with the bankruptcy court. Serial filings should also be weighed in consider the totality of circumstances. A history of serial filings and dismissals can be evidence of bad faith. A debtor's pre-petition conduct and the frequency with which the debtor has sought previous bankruptcy relief are elements in the debtor's total circumstances. *Id*.

      1. *Multiple filings immediately preceding foreclosure sales are evidence of bad faith.*

Debtor has engaged in a scheme to delay, hinder and defraud creditors as evidence by the multiple bankruptcy filings that go all the way back to 2014.  The facts in this case are strikingly similar to the facts of *In re Dupuy*, 308 B.R. 843 (E.D. Tenn 2004). As in the present case, the debtor in *Dupuy* filed his bankruptcies on the eve of foreclosure sales. *Id*. The *Dupuy* court held that the debtor's motivation in filing his bankruptcies on the eve of foreclosure sales was to delay the foreclosure proceedings and that such conduct constituted bad faith. *Id*. The court further held that the debtor had repeatedly filed his bankruptcy cases in bad faith, in clear attempts to prejudice the rights of the foreclosure creditor and had used the automatic stay as a "shield to avoid any unfavorable result." *Id*. At 850.

      2. *Debtor's multiple filings evidence bad faith.*

provisions. *Id*. In making a determination as to whether a bankruptcy filing is made in good faith, the Court uses a totality of the circumstances test. *In re Legree*, 285 B.R. 615 (Banrk. E.D. Pa. 2002). Factors to consider include, but are not limited to: (1) the nature of the debt; (2) the timing of the petition; (3) how the debt arose; (4) the debtor's motive in filing the petition; (5) the effect on creditors; (6) the debtor's treatment of creditors pre-petition and post-petition; and (7) whether the debtor has been forthcoming with the bankruptcy court. Serial filings should also be weighed in consider the totality of circumstances. A history of serial filings and dismissals can be evidence of bad faith. A debtor's pre-petition conduct and the frequency with which the debtor has sought previous bankruptcy relief are elements in the debtor's total circumstances. *Id*.

    1. *Multiple filings immediately preceding foreclosure sales are evidence of bad faith.*

Debtor has engaged in a scheme to delay, hinder and defraud creditors as evidence by the multiple bankruptcy filings that go all the way back to 2014.  The facts in this case are strikingly similar to the facts of *In re Dupuy*, 308 B.R. 843 (E.D. Tenn 2004). As in the present case, the debtor in *Dupuy* filed his bankruptcies on the eve of foreclosure sales. *Id*. The *Dupuy* court held that the debtor's motivation in filing his bankruptcies on the eve of foreclosure sales was to delay the foreclosure proceedings and that such conduct constituted bad faith. *Id*. The court further held that the debtor had repeatedly filed his bankruptcy cases in bad faith, in clear attempts to prejudice the rights of the foreclosure creditor and had used the automatic stay as a "shield to avoid any unfavorable result." *Id*. At 850.

    2. *Debtor's multiple filings evidence bad faith.*

A review of the Debtor's four bankruptcy cases reveals that Debtor did not take all the steps towards prosecuting the bankruptcy cases as each was dismissed for failure to make the required payment to the Chapter 13 Trustee.  Rather, the evidence shows that Debtor has consistently filed petitions at the last minute and then failed to play by the same rules invoked to stay Creditor's rights in the Property. Debtor has never completed any of the past Chapter 13 bankruptcy cases. Debtor's sole accomplishment has been to prevent Creditor from proceeding in its foreclosure action multiple times.  Debtor has acted in bad faith.

3.  *Debtor's repeated inability to cure the default evidences bad faith.*

As further evidence of Debtor's scheme, is the fact that the loan in question is delinquent and contractually due for the September 1, 2014 payment, as of May 22, 2019. As a result, the totality of the circumstances shows that the Debtor has been filing petitions in bad faith in order to delay and disrupt the foreclose process and preclude Creditor for exercising its remedies pursuant to the loan documents.

**B.    The Court should grant *in rem* relief to prevent future abuse.**

*In rem* relief will protect Creditor from future abuses and minimizes damages to Creditor going forward. Due to the history of abusive filings, Creditor respectfully requests sanctions in the form of *in rem* relief to prevent Debtor or any other party who has or acquires an interest from filing another bankruptcy for the sole purpose of delaying a foreclosure sale of the subject Property. The code allows for such relief, and the purpose and effect of that section is to prevent successive attempts at abuse from affecting Creditor's rights in the collateral. *CF*. *In re Lee*, 467 B.R. 906, 920-22 (6th Cir. B.A.P. 2012). Such an order is justified here where the facts show

19-017728_KKC

multiple filings on the eve of sale, followed by a lack of diligence in prosecuting the subsequent bankruptcy cases. As a result, an *in rem* relief order is the only way to avoid future abuse.

WHEREFORE, Wells Fargo Bank, N.A. respectfully requests this Honorable Court to enter an Order:

a) Terminating the automatic stay of Section 362; and

b) Imposing sanctions in the form of in rem relief under 11 U.S.C. §362(d)(4), terminating the Automatic as it affects the interest of Wells Fargo Bank, N.A. in the Mortgaged Premises of the Debtor specifically identified in the Mortgage; and

c) Such other relief as this Honorable Court may deem just.

Respectfully submitted,

  /s Karina Velter
Karina Velter, Esquire (94781)
Adam B. Hall (323867)
Sarah E. Barngrover (323972)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Karina Velter.
Contact email is kvelter@manleydeas.com

19-017728_KKC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Case No.: 19-13215** |
| **John Fitting** | : | **Chapter 13** |
| **Andrea C. Fitting** | : | **Judge Jean K. FitzSimon** |
| | : | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* |
| **Debtor(s)** | | |
| | : | |
| **Wells Fargo Bank, NA** | : | **Date and Time of Hearing** |
| Movant, | : | **Place of Hearing** |
| **vs** | : | **June 26, 2019 at 9:30 a.m.** |
| | : | _____ |
| **John Fitting** | : | |
| **Andrea C. Fitting** | : | **U.S. Bankruptcy Court** |
| | : | **900 Market Street, Courtroom #3** |
| **Scott F. Waterman** | : | **Philadelphia, PA, 19107** |
| Respondents. | | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion for Relief from the Automatic Stay and Motion for Sanctions in the form of In Rem Relief to permit Wells Fargo Bank, NA to foreclose on 19 E Elbon Road, Parkside, PA 19015 was served on the parties listed below via e-mail notification:

United States Trustee, Office of the U.S. Trustee, 833 Chestnut Street, Suite 500, Philadelphia, PA 19107

Scott F. Waterman, Chapter 13 Trustee, 2901 St. Lawrence Ave., Suite 100, Reading, PA 19606

Brad J. Sadek, Attorney for John Fitting and Andrea C. Fitting, Sadek and Cooper, 1315 Walnut Street, Suite 502, Philadelphia, PA  19107, brad@sadeklaw.com

The below listed parties were served via regular U.S. Mail, postage prepaid, on June 6, 2019:

John Fitting and Andrea C. Fitting, 19 E Elbon Road, Brookhaven, PA  19015

19-017728_KKC

John Fitting and Andrea Fitting, 19 E Elbon Road, Parkside, PA 19015

DATE: June 6, 2019

/s Karina Velter
Karina Velter, Esquire (94781)
Adam B. Hall (323867)
Sarah E. Barngrover (323972)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Karina Velter.
Contact email is kvelter@manleydeas.com

19-017728_KKC